1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ERICK GONZALEZ,                    ) Case No. CV 15-3051-JPR
                                        )
12                   Petitioner,        )
                                        ) MEMORANDUM OPINION AND ORDER
13              v.                      ) GRANTING RESPONDENT'S MOTION TO
                                        ) DISMISS, DENYING PETITIONER'S
14   J. SOTO, Warden,                   ) MOTION FOR LEAVE TO FILE LATE
                                        ) PETITION AND FOR A STAY, DENYING
15                   Respondent.        ) PETITION, AND DISMISSING ACTION
                                        ) WITH PREJUDICE
16   _____   )

17                         **PROCEEDINGS**

18        On April 9, 2015, Petitioner constructively filed a Petition

19   for Writ of Habeas Corpus by a Person in State Custody as well as

20   a motion for leave to file the Petition late and to exhaust two

21   of its four claims in state court.  He also filed notice

22   consenting to the jurisdiction of the undersigned Magistrate

23   Judge.  The Court on May 11, 2015, ordered Respondent to file

24   either a motion to dismiss the Petition or some other response to

25   Petitioner's motion.  The Court noted in its Order that

26   Petitioner could file opposition to any motion to dismiss no

27   later than 21 days after its service upon him.

28        On May 27, 2015, Respondent filed a motion to dismiss the

                                  1

Petition as time barred.  He also consented to the undersigned's jurisdiction.  On May 28, 2015, Petitioner filed a request to proceed in forma pauperis, which the Court granted.  He never, however, filed opposition to the motion to dismiss.  On July 7, 2015, after confirming on the California Department of Corrections and Rehabilitation's Inmate Locator website that Petitioner remained incarcerated at his address of record, the Court sua sponte extended the time for Petitioner to file opposition to the motion to dismiss by 21 days.  To date, however, Petitioner has not filed any opposition.

For the reasons discussed below, Respondent's motion to dismiss the Petition is granted, Petitioner's request for leave to file his Petition late and for a stay is denied, the Petition is denied as time barred, and this action is dismissed with prejudice.

**DISCUSSION**

### The Petition Is Time Barred

The Anti-Terrorism and Effective Death Penalty Act sets forth a one-year limitation period for filing a federal habeas petition and specifies that the period runs from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

1  action;

2     (C) the date on which the constitutional right

3  asserted was initially recognized by the Supreme Court,

4  if the right has been newly recognized by the Supreme

5  Court and made retroactively applicable to cases on

6  collateral review; or

7     (D) the date on which the factual predicate of the

8  claim or claims presented could have been discovered

9  through the exercise of due diligence.

10 28 U.S.C. § 2244(d)(1). AEDPA includes a statutory tolling

11 provision that suspends the limitation period for the time during

12 which a properly filed application for postconviction or other

13 collateral review is pending in state court.  § 2244(d)(2); <u>see</u>

14 <u>Waldrip v. Hall</u>, 548 F.3d 729, 734 (9th Cir. 2008).  In addition

15 to statutory tolling, federal habeas petitions are subject to

16 equitable tolling of the one-year limitation period in

17 appropriate cases.  <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010)

18 (petitioner must show that he has pursued his rights diligently

19 and extraordinary circumstance prevented him from timely filing).

20 A petitioner bears the burden of demonstrating that he is

21 entitled to sufficient tolling to render a petition timely.  <u>See</u>

22 <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) (equitable

23 tolling); <u>Smith v. Duncan</u>, 297 F.3d 809, 814 (9th Cir. 2002)

24 (statutory tolling), <u>abrogation on other grounds recognized by</u>

25 <u>Cross v. Sisto</u>, 676 F.3d 1172, 1178-79 (9th Cir. 2012).

26   As Respondent explains in the motion to dismiss, the

27

28

                3

Petition is on its face four months late.[1]   Indeed, Petitioner
recognized that by filing a motion for leave to file the Petition
late.   But as the Court noted in its May 11 Order, Petitioner did
not provide any viable excuse for his late filing.   Petitioner's
claims were either raised on direct appeal or appear to rest on
facts that must have been known to him at the time of trial and
sentencing,[2] and thus he is not entitled to a later trigger date
of the statute of limitations.   Nor is Petitioner entitled to
statutory tolling, as the Petition acknowledges that he had not
filed any state habeas petitions as of the time he prepared it.
(Pet. at 3); see Ferguson v. Palmateer, 321 F.3d 820, 823 (9th
Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation
of the limitations period that has ended before the state
petition was filed.").   Petitioner claimed in his motion to be
"having difficulty gaining access to the law library" (see Mot.
Exhaust at 3), but as the Court noted, he did not say when those

---

[1] The California Supreme Court denied Petitioner's petition
for review on September 11, 2013.  (See Pet. at 21 (throughout this
Order, the Court uses the pagination provided by its Case
Management/Electronic Case Filing system).)   Petitioner did not
file a petition for writ of certiorari to the U.S. Supreme Court.
(See id. at 8 (stating that he had not previously filed in any
federal court any petition relating to convictions challenged in
Petition).)   Thus, the judgment became final on December 10, 2013,
see Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009) ("The
period of direct review after which a conviction becomes final
includes the 90 days during which the state prisoner can seek a
writ of certiorari from the United States Supreme Court."), and
absent a later trigger date or some kind of tolling, the AEDPA
limitation period expired on December 10, 2014.   Petitioner
constructively filed the Petition on April 9, 2015.  (See Pet. at
9 (signature page with date of "4.9.15").)

[2] In his motion, Petitioner asserts that counsel was
ineffective for failing to call certain people as witnesses at
trial.   (Mot. Exhaust at 3.)   The Petition itself states more
generally, without elaboration, that counsel "failed to properly
investigate Petitioner's case."  (Pet. at 6.)

4

difficulties began, how often they occurred, or how much he was able to actually use the library.  Such conclusory allegations cannot entitle him to equitable tolling.  See Jackson v. Evans, 286 F. App'x 516, 516 (9th Cir. 2008) (affirming dismissal of petition because petitioner who made "only vague allegations" of being denied access to library not entitled to equitable tolling); Williams v. Dexter, 649 F. Supp. 2d 1055, 1061-62 (C.D. Cal. 2009) (conclusory assertions of limited law library access unsupported by competent evidence inadequate to state basis for equitable tolling).  Thus, nothing in the Petition or its attachments, or in Petitioner's motion, entitles him to an extended limitation period.  Indeed, Petitioner's failure to respond to the motion to dismiss is likely tacit admission of its validity.

Because Petitioner has not met his burden of demonstrating that he is entitled to tolling sufficient to render the Petition timely and because on its face it is four months late, it must be denied.

**CONCLUSION**

IT THEREFORE IS ORDERED that (1) Respondent's motion to dismiss is GRANTED, (2) Petitioner's motion for leave to file a late petition and for a stay is DENIED, and (3) Judgment be ENTERED denying the Petition and dismissing this action with prejudice.

DATED: August 18, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

5